IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved,<br><br>              Plaintiff,<br><br>v.<br><br>Sony Pictures Releasing Incorporated,<br><br>              Defendant. | No. CV 15-01346-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

      Plaintiff filed a Complaint on July 17, 2015, as well as an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3). The Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8). On July 20, 2015, Plaintiff filed an Amended Complaint (Doc. 6). The Court must undertake a review pursuant to 28 U.S.C. § 1915(e)(2) to determine whether or not this case is properly in federal court. The review leads to the conclusion that the claims asserted in Plaintiff's Amended Complaint are not plausible and cannot be maintained under any theory of law. This Report and Recommendation is addressed to the Presiding Judge of the Phoenix Division because although this case was assigned to the undersigned judge pursuant to Local Rules of this Court, the undersigned, as a Magistrate Judge, does not have the judicial authority to enter a dispositive order absent the consent of the parties.

1  Plaintiff's Amended Complaint alleges a cause of action under 42 U.S.C. §§ 1985
2 and 1988, against Sony Pictures Releasing, Inc., for violations of his civil rights. Plaintiff
3 seeks monetary remedies for:

> the suffering plaintiff has endured on behalf of the defendants aggressive plight to appropriate plaintiff's name and distort his likeness in a likeness beneficial to Michael Patrick Medved and his many conspirators against plaintiff that he has gained by which the subject matter of the claims made by plaintiff in case numbers 2:15-cv-01291-JJT, 2:15-cv-01289-SPL, and 2:15-cv-01292-ESW share relevance to this case through the defamation plaintiff is suffering in each case and how the aforesaid defendants in this case are catalyzing or antagonizing the false and defamatory claims made against plaintiff in the aforesaid case numbers through the appropriation of his name and the story the aforesaid defendants have built around plaintiff's defamation with the film *Justin and the Knights of Valour* for the purpose of using the prestige of each appropriate entity and its community standing in the United States and the ethnicity of the aliens companies in question who produced the film to add additional damages to plaintiff's suffering in the illegal campaign against Michael Patrick Medved began so long ago that he is in the process of mending. The claims for relief shall be taken under Civil Conspiracy, Publicity of Private Life to the Public, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, a claim under Tort 652 C concerning the appropriation of plaintiff's name and how it was used against him to cause him further suffering in addition to the suffering described in the aforesaid relevant cases, and fraud to the extent that the aforesaid defendants attempt to deny such justifiable claims and evidence brought against them and to the extent that they violated their place in the community as entertainers and instead served as a vindictive catalyst to one of the nastiest defamation cases in the history of America, for such a reason some pleadings may be brought under Rule 9(2)(b) of the Federal Rules of Civil Procedure to the extent plaintiff needs to explain elaborate relevance to the subject matter in cases numbers 2:15-cv-01291-JJT, 2:15-cv-01289-SPL, and 2:15-cv-01292-ESW and the damage he is suffering that is being catalyzed by the aforesaid defendants through the film *Justin*

1     *and the Knights of Valour.*

2 (Doc. 6 at 4–5.)

3     Plaintiff alleges that Defendant produced and distributed a film with a main character and story that appropriated Plaintiff's name and a likeness "that is beneficial to that of Michael Patrick Medved and his many conspirators against plaintiff through his illegal campaign against plaintiff." (Doc. 6 at 12.) Plaintiff alleges that he has the same first name and the same physical features—red hair and blue eyes—as the main character in the film *Justin and the Knights of Valour*. He also alleges that the film's main character expressed a preference to become a knight rather than a lawyer like his father, just as Plaintiff had expressed a similar intention to become a lawyer until he moved from Nebraska to Arizona. Many of Plaintiff's alleged facts focus on a family dispute over his inheritance of his grandfather's rifle and his family's preferential treatment of the family's foreign exchange students.

    Plaintiff asserts a cause of action under 42 U.S.C. § 1985 for conspiracy to interfere with his civil rights. Liberally construing Plaintiff's Amended Complaint, he asserts a claim under the first clause of § 1985(3), which provides a cause of action for a private conspiracy to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff fails to allege race or class-based animus on the part of Defendant. Plaintiff asserts that he has blue eyes and red hair, but does not allege that he belongs to a race or class protected by § 1985(3) or that he was treated differently than others similarly situated. *See Phelan v. Zenzen*, No. 10-cv-6704-CJS, 2012 WL 5420423, at *9 (W.D.N.Y. Nov. 6, 2012) (dismissing plaintiff's equal protection claim where plaintiff, who had red hair and was Irish, did not make any allegations indicating that he belonged to a protected class or that he was treated

differently than others similarly situated).  Plaintiff fails to state a plausible claim for relief under § 1985.

Plaintiff also asserts a cause of action for intentional infliction of emotional distress.  Under Arizona law, intentional infliction of emotional distress requires proof of: (1) extreme and outrageous conduct; (2) intent to cause emotional distress or reckless disregard of the near certainty that it will occur; and (3) sever emotional distress.  *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987) (citations omitted).  To state a valid cause of action, the conduct engaged in must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citation omitted).  Even assuming the allegations in Plaintiff's Amended Complaint are true, the alleged facts do not rise to the level of being regarded as "atrocious and utterly intolerable in a civilized community," and thus do not support a claim for intentional infliction of emotional distress.

Plaintiff asserts a claim for negligent infliction of emotional distress.  "Under Arizona law, physical injury or illness is required to establish negligent infliction of emotional distress."  *Adkins v. Corrections Corp. of America*, No. CV-12-1615-PHX-SMM, 2015 WL 631161, at *3 (D. Ariz. Feb. 13, 2015) (finding that plaintiffs' conclusory statements that they felt scared, stressed, depressed or anxious, were insufficient); *see also Keck v. Jackson*, 593 P.2d 668, 669 (Ariz. 1979) (noting that plaintiff's shock or mental anguish must be manifested as a physical injury).  Plaintiff has not alleged the type of illness or bodily harm necessary to sustain a cause of action for negligent infliction of emotional distress.

Plaintiff asserts a cause of action for appropriation of his name and likeness and for "publicity given to private life."  Plaintiff fails to allege any specific facts suggesting that his likeness was used for the main character in the film.  Plaintiff's conclusory statements that his likeness was appropriated because he shares the same first name, red hair and blue eyes, and has some common life events, is insufficient.

Lastly, Plaintiff alleges a cause of action for fraud.  Arizona law provides two

types of actionable civil fraud claims—common law and constructive fraud.  Common law fraud is based on a defendant's actual intent to deceive, while constructive fraud does not require actual intent, but instead arises when a defendant breaches a legal or equitable duty.  *Blau v. America's Servicing Co.*, No. CV-08-773-PHX-MHM, 2009 WL 3174823, at *3 (D. Ariz. Sept. 29, 2009) (citations omitted).  To prevail on a common law fraud claim, a plaintiff must prove:

> (1) a representation; (2) that was false; (3) material; (4) the speaker had knowledge of its falsity or ignorance of its truth; (5) the speaker intended that it should be acted upon by the person and in the manner reasonably contemplated; (6) the listener was ignorant of its falsity; (7) relied on its truth; (8) such reliance was justified; and (9) the listener suffered consequent and proximate injury.

*Id.* (citation omitted).  To establish constructive fraud, plaintiff must prove that:

> (1) Defendants had a fiduciary or confidential relationship with Plaintiff that gave rise to a legal or equitable duty; (2) Defendants breached that duty; (3) the breach tends to deceive others, violates public or private confidences, or injures public interests; and (4) the breach induced detrimental and justifiable reliance.

*Id.* (citations omitted).  Plaintiff's allegations are insufficient to state a claim for common law fraud or constructive fraud.

None of Plaintiff's causes of action are plausibly viable in light of the factual assertions set forth in the Amended Complaint and none set forth a cause of action for which relief can be granted.

**IT IS THEREFORE RECOMMENDED** that Justin Sloan Medved's Amended Complaint be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED that** Justin Sloan Medved's Motion to Allow Electronic Filing (Doc. 3) be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 20th day of August, 2015.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

cc:     SRB